# RAFANELLI & KITTREDGE, P.C.
## *ATTORNEYS AT LAW*

RECEIVED
JUL 14 2015
CITY OF SPRINGFIELD
Law Department

Toni L. Rafanelli
Joseph P. Kittredge

Margaret A. Rubino

July 10, 2015

Hector E. Pineiro, Esq.
Robert A. Scott, Esq.
Law Office of Hector Pineiro, P.C.
807 Main Street
Worcester, MA 01610

> **RE:   *Justin Douglas v. City of Springfield, et. al.*
> *USDC Civil Action No.: 14-cv-30210-MGM***

Dear Attorney Pineiro:

Enclosed please find Defendant Liam Jones' Answers to Plaintiff's First Set of Interrogatories.

Thank you for your attention to this matter.

Very truly yours,

Margaret A. Rubino

Enclosures

cc:   John T. Liebel, Esq.
Austin M. Joyce, Esq.
Kevin B. Coyle, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 14-CV-30210-MGM

| | |
|---|---|
| JUSTIN DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF SPRINGFIELD, | ) |
| et al. | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT LIAM JONES' ANSWERS
## TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure, Rules 26(e) and 33, Defendant Liam Jones ("Defendant"), hereby submits his answers to Plaintiff Justin Douglas' ("Plaintiff") First Set of Interrogatories while reserving his right to supplement all answers provided herein.  His answers are as follows:

## INTERROGATORY NO. 1

If you have ever been the subject of any civilian complaint or discipline while working for the Commonwealth of Massachusetts/State Police Department (MSP) alleging you engaged in excessive force or physical abuse of an arrestee, please state:

   a.   The date of each complaint;
   b.   The name and address of each complainant;
   c.   A full description of the allegation in each such complaint; and
   d.   The name of the investigator and result of any investigation of each such complaint, including the nature of any disciplinary action imposed.
   e.   A full description of the discipline, sanction or reprimand imposed.

## ANSWER TO INTERROGATORY NO. 1

Defendant Jones objects to Interrogatory 1 in that it seeks information that is beyond the scope of Federal Rules of Civil Procedure 26, is overbroad, irrelevant, immaterial and unlikely to lead to admissible evidence. The Defendant further objects to this Interrogatory as it seeks privileged and private information for which the Plaintiff has failed to make the requisite showing to require the Defendant to permit the invasion of his privacy and/or overcome the privilege.

## INTERROGATORY NO. 2

Please identify and describe in full and complete detail all events which occurred on the hotel premises located at 1573 Riverdale Street, West Springfield, MA room 35, on April 26, 2012, including all events that relate or refer to the Plaintiff or any individual not named or identified in Incident Number (Incident Case 2012-0B3-002565, or in SPD Ref. 12-718-FI) stating the sequence of acts and events, what you did, saw, said and heard, including a description of all contact that you had and what level of force you utilized with any individuals during the course of the said events at the hotel.

## ANSWER TO INTERROGATORY NO. 2

Defendant Jones objects to Interrogatory 2 in that it seeks information that is beyond the scope of Federal Rules of Civil Procedure 26, is overbroad and unduly burdensome. Notwithstanding said objection nor waiving same, the defendant states the following:

On April 26, 2012, I was contacted by Springfield Police Detective Greg Bigda regarding a subject who had an active warrant and at some point was confirmed to be in room 35 at the Springfield Inn in West Springfield. Detective Bigda further explained the wanted subject name was Justin Douglas.

On the same date, I, along with Detective Thomas Kakley set up in surveillance/support positions until Detective Bigda notified us that he had applied for a body warrant for Douglas. At some point I went into the Springfield Inn management office, checked the roster and confirmed that Samantha Rauls had rented room 35. Detective Bigda had informed me that Samantha Rauls was Mr. Douglas' girlfriend. Once the warrant was in hand, I obtained a key pass to room 35 and officers formulated a plan to enter. I knocked and announced a couple of times and then accessed the room while announcing "State Police." My best memory is that Detective Kent, Detective Bigda and Detective Templeman entered the room ahead of me. I observed Mr. Douglas on the toilet to the right. Detective Bigda went over to Mr. Douglas and Sergeant Kent continued into the room. Sergeant Kent yelled "gun" and Detective Kakley and I observed a female on the bed, at which point we physically placed her on the ground and handcuffed her. I only used the amount of force reasonably necessary to arrest Ms. Rauls. There was a lot of yelling by Mr. Douglas in regards to us handcuffing Ms. Rauls. After the yelling and commotion stopped and the two occupants (Douglas and Rauls)

2

After the yelling and commotion stopped and the two occupants (Douglas and Rauls) were secured, I went outside to place a call to West Springfield Captain Daniel Spaulding. I remained outside talking with Captain Spaulding while Mr. Douglas and Ms. Rauls were escorted out of the hotel and subsequently transported to the Springfield Barracks for booking. I did not observe any visible injuries to either party. Several guns and ammunition were located by Springfield officers in room 35.

I went to the barracks and spoke with Mr. Douglas who informed me that he wanted to cooperate with police. I was then informed by Trooper Clapprood, the desk officer, that Mr. Douglas was complaining of an injury to the face. Trooper Clapprood had notified AMR and an ambulance responded. I again did not observe any injuries to Mr. Douglas. He was examined by the EMTs and I believe he signed a refusal of treatment by AMR. Detective Bigda authored the arrest report which I reviewed.

## INTERROGATORY NO. 3

Please identify each individual you expect to call as an expert witness in this matter, stating for each:

     a.    The name and address of each such expert witness;
     b.    The nature of the issue each such expert is expert is expected to testify;
     c.    The substance of the facts and opinions to which each such expert is expected to testify;
     d.    A summary of the grounds for each opinion of each such expert; and
     e.    All documents upon which each such expert relies or makes reference to in his opinion.

## ANSWER TO INTERROGATORY NO. 3

Defendant Jones objects to Interrogatory No. 3 as the information sought therein is protected under the attorney-client privilege and involves information obtained in anticipation of litigation or for trial. Notwithstanding said objection nor waiving same, Defendant Jones states that the decision whether to utilize an expert witness has not been made. The Defendant will supplement this response as necessary.

## INTERROGATORY NO. 4

List every document that you intend to introduce in the trial of this action.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following counsel of record via first-class mail, postage prepaid:

Hector E. Pineiro, Esq.
Robert A. Scott, Esq.
Law Office of Hector Pineiro, P.C.
807 Main Street
Worcester, MA 01610

John T. Liebel, Esq.
Anthony I. Wilson, Esq.
City of Springfield Law Department
36 Court Street, Room 210
Springfield, MA 01103

Austin M. Joyce, Esq.
John K. Vigliotti, Esq.
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, MA 01609

Kevin B. Coyle, Esq.
1299 Page Blvd.
Springfield, MA 01104

Dated:  July 10, 2015

Margaret A. Rubino