UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No.: 3:14-CV-30210-MGM

JUSTIN DOUGLAS,
　　　　Plaintiff,

vs.

CITY OF SPRINGFIELD, et al,
　　　　Defendants.

## DEFENDANT ROBERT PATRUNO'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**General Objection:** Defendant Robert Patruno (hereafter "Patruno") objects generally to the Plaintiff's First Set of Interrogatories to the extent that the contents thereof are not in compliance with, nor are authorized by, the Federal Rules of Civil Procedure in general and, in particular, Fed.R.Civ.P. 26(b).

**Reservation of Rights:** Patruno hereby reserves the right to object, on any ground, to the use of these responses in any subsequent proceeding or during the trial of, or any hearing associated with, this or any other action; the right to object, on any ground and at any time, to any demand for further answers to these or to any other interrogatories; and, the right, at any time, to revise, correct, supplement or clarify any of the answers set forth herein.

Interrogatory No. 1

If you have ever been the subject of any civilian complaint or discipline while working for the Springfield Police Department (SPD) alleging you engaged in excessive force or physical abuse of an arrestee, please state:

1

a. The date of each complaint;

b. The name and address of each complainant;

c. A full description of the allegations in each such complaint; and

d. The name of the investigator and result of any investigation of each such complaint, including the nature of any disciplinary action imposed.

e. A full description of the discipline, sanction or reprimand imposed.

**Response No. 1**

**Objection:** Patruno objects to this interrogatory as overbroad, improperly limited as to its temporal scope and an inquiry not reasonably calculated to lead to the discovery of admissible evidence. Patruno further objects to this interrogatory as impermissibly invading the privacy interests, including with respect to CORI, of persons playing no role in this litigation.

Without waiving these or any other objections, Patruno states: I cannot recall each and every complaint made against me over my law enforcement career, but at this time I can recall that complaints were made by the following:

i. Derek Besaw: alleged several officers punched him in the face and stomach, then shoved his face into a brick wall; results: not sustained;

ii. Sergio DeJesus: alleged that he was beaten by officers while being arrested; results: retraining;

iii. Denise Ortega: alleged officers punched and kicked her at the time of her arrest; results: not sustained.

2. Please identify and describe in full and complete detail all events which occurred on the hotel premises located at 1573 Riverdale Street, West Springfield, MA room 35, on April 26, 2012, including all events that relate or refer to the Plaintiff or any individual not named or identified in Incident Number (Incident Case 2012-0B3-

2

002565, or in SPD Ref. 12-718-FI) stating the sequence of acts and events, what you did, saw, said and heard, including a description of all contact that you had and what level of force you utilized with any individual during the course of the said events at the hotel.

**Response No. 2**

**Objection:** Patruno objects to this interrogatory as overbroad, improperly limited as to its temporal scope and seeks a response from the defendant as to what others observed, saw and did which would require him to guess and speculate, thus a reasonable answer cannot be formulated by him.

Without waiving these or any other objections, Patruno states: Pursuant to Fed.R.Civ.P. 33 (d), the plaintiff is referred to the initial disclosures previously produced, which includes the police reports in connection with the incident referred to on April 26, 2012. Responding further, on or about April 26, 2012, I was made aware that a warrant had been issued for the plaintiff, Justin Douglas ("Douglas"). At some point on April 26, 2012, the police received information that the plaintiff may be at a hotel in West Springfield, MA. I, along with the officers involved in the operation, had a meeting to discuss Douglas. I was assigned to conduct surveillance of the hotel in West Springfield, MA, the Springfield Inn Motel, to watch for the subject of the warrant, Justin Douglas. I was provided a description of Douglas and a photograph to identify him.

I proceeded alone to the motel's location in West Springfield in an unmarked cruiser. I set up across the street from the motel to conduct my surveillance. While conducting surveillance, I observed Douglas exit the room he was believed to be in, enter a motor vehicle that was being operated by another male subject and drive away. I do not

recall how long I was at the location before I observed Douglas. I remained at my surveillance location to watch for any further activity from the room. Eventually, after approximately a half hour or less, I observed Douglas return in the same red motor vehicle, exit it and return to the room I previously observed him leave. The vehicle that Douglas exited then proceeded to leave the area.

I heard over a secured radio transmission that officers were on the way to the motel to execute the warrant for Douglas. A short time later, the other officers that were part of the operation arrived at the motel. When I observed the officers arrive at the motel, I left my surveillance location and met up with them outside the motel. I, along with the other officers present, proceeded to the motel room that Douglas was in to execute the warrant.

When we arrived at the room, we entered it pursuant to the warrant. In the room were Douglas and a female, who was eventually identified as Samantha Douglas. Officers observed a firearm protruding from the area near the side of the bed and an officer, I believe to be Kent, yelled gun to notify the other officers of the presence of a firearm in the room. Samantha Douglas was in the area of the bed where the firearm was observed and she was ordered to the ground and handcuffed by other officers. I was positioned in between the officers that were dealing with Samantha and the officers that were dealing with Douglas.

Around this time, Douglas began to yell and become belligerent about his wife being made to lie on the ground. Officer Bigda attempted to hold Douglas in the bathroom area of the room, but Douglas was attempting to force his way towards the main living area. Due to Douglas's behavior, he was taken to the ground by Officer

4

Bigda where he continued to struggle and resist according to Bigda's report. I proceeded to the lower area of Douglas' legs to hold them on the ground as he was thrashing them. I was holding Douglas' lower legs so he could not kick at the officers present. Douglas eventually stopped thrashing and I released his legs. I did not have any other contact with Douglas. Douglas was eventually escorted out of the room and brought to the Massachusetts State Police barracks for booking by other officers. Upon leaving the motel, I returned to the Springfield Police Department narcotics office.

Signed under the penalties of perjury on this 28th day of July, 2015.

_____
Robert Patruno

As to objections:
Defendant Robert Patruno,
By his attorney,

_____
Austin M. Joyce, BBO#: 255040
John K. Vigliotti, BBO #: 642337
REARDON, JOYCE & AKERSON, P.C.
4 Lancaster Terrace
Worcester, MA 01609
508.754.7285
ajoyce@rja-law.com
jvigliotti@rja-law.com

~~July~~ 5th, 2015
August

5

## CERTIFICATE OF SERVICE

I, John K. Vigliotti, hereby certify that I have served, on this 5th day of August, 2015, a copy of the foregoing via U.S. mail, first class postage prepaid, to the following counsel of record:

Hector E. Piniero, Esq.
Robert A. Scott, Esq.
Law Office of Hector E. Piniero, PC
807 Main Street
Worcester, MA 01610

John T. Liebel, Esq.
Anthony I. Wilson, Esq.
City of Springfield Law Department
36 Court Street
Springfield, MA 01103

Kevin Coyle, Esq.
1299 Page Blvd.
Springfield, MA 01103

Margaret A. Rubino, Esq.
Rafanelli & Kittredge, PC
1 Keefe Rd.
Acton, MA 01720

John K. Vigliotti