UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN DOUGLAS,<br>    Plaintiff,<br>v.<br><br>CITY OF SPRINGFIELD, DET. GREGG BIGDA, SGT. STEVEN KENT, DET. ROBERT PATRUNO, DET. THOMAS KAKLEY, DET. MARK TEMPLEMAN, DET. EDWARD KALISH, DET. CHRISTOPHER BATES, and MASS. STATE POLICE TROOPER LIAM R. JONES,<br>    Defendants. | Civil Action No.<br>3:14-cv-30210-MAP |

<u>AFFIDAVIT OF
SPRINGFIELD POLICE COMMISSIONER
JOHN BARBIERI</u>

I, John Barbieri, on oath do say.

1. I am Police Commissioner for the City of Springfield and I have served in that office since 2014.

2. On 2/26/16 an unmarked cruiser of the Springfield Police Department was stolen, and the vehicle was recovered in Palmer, MA in the early morning hours of 2/27/16.

3. In response to a communication from the Hampden County District Attorney's office that the office received information alleging excessive force by a member of the Springfield Police Department at the time of the arrest of the juvenile suspects in Palmer. Specifically, it was alleged that one of the juveniles had been kicked by a plain clothes officer. The communication from the District Attorney about the kicking incident was the first report of any misconduct. No citizen's complaint had been received about any misconduct during the incident.

4. I ordered the Internal Investigation Unit (IIU) of the Springfield Police Department to submit a special report to my attention with regard to the incident. I assigned an experienced IIU investigator to provide me a special report. The focus of the IIU investigation was the identification of the plain clothes officer who had kicked the juvenile suspect. Lacking

jurisdiction in Palmer, I requested the District Attorney's office conduct a criminal investigation. The IIU submitted its investigation to me and also to the CPHB for its preliminary review. The CPHB recommended that disciplinary charges issue against the officers involved and that a hearing be held.

5. The IIU report was completed on June 16, 2016 and Notices of Disciplinary charges were issued that same day to the Officers involved.

6. After completion of the IIU investigation, on Saturday July 23, 2016, the District Attorney informed me for the first time of allegations of police misconduct pertaining to the interrogation of the juveniles in Palmer. While the video recording of the interrogation had been obtained from Palmer during the course of the investigation of the kicking, no information about the misconduct had been provided to me until the district attorney brought this to my attention.

7. As a result of the notification, I instructed the Deputy Chief in charge of IIU to make sure the interrogation was put before the CPHB as part of the hearing which had already been scheduled with regard to the kicking allegations.

8. The timing that the misconduct during the interrogation came to light presented a potential legal impediment for the imposition of discipline based on the interrogation. City Solicitor Pikula and Labor Relations Director Mahoney were contacted for the purpose of obtaining legal advice.

9. Under Article 6, Section 6.04 of the Collective Bargaining Agreement between the City and the Patrolmen's Union, all interdepartmental charges against a unit member shall be initiated no later than ninety (90) days following the alleged offense or the date the City became aware of the alleged offense, whichever is later, and a hearing on said charges shall be held within sixty (60) days thereafter, unless a later date is mutually agreed upon by the parties. (See Attached).

10. This contract language became part of the collective bargaining agreement well before my tenure as Police Commissioner, and was first put in during a period of time when the Police

Department policymakers were part-time civilians without the need for any training, education, or experience in the field of law enforcement.

11. As Police Commissioner I am working with the Labor Relations Department to attempt to negotiate with the Union to remove this language from the contract.

12. As a former member of the IIU, I had cases where this language had presented a challenge to the imposition of disciplinary charges.

13. The depictions on the video recordings and records of the IIU investigation concerning the behavior of the officers in relation to the arrest and interrogation of the Juveniles are contrary to the rules, regulations and policies of the City of Springfield Police Department. Such actions are not representative of behavior, actions or culture exhibited by the vast majority of officers who serve and protect the residents of the City and are not tolerated by the Police Commissioner or the command staff of the police department.

14. The damage to pending cases in which the officers involved were potential witnesses is evident. The likelihood of guilty persons having shorter sentences, or no sentences at all is part of the chaos that has been created, and the integrity of the criminal justice system has been shaken at a time of heightened concern over police misconduct across our nation.

15. On 08/11/16, the day prior to the scheduled hearing before the CPHB, I was approached by the Union representative indicating Officer Bigda was willing to waive his rights to a hearing, accept responsibility for his actions and accept a 30 day suspension. Under the circumstances and the information available, I decided that a 60 day suspension was proper. I based this judgment on: the incident; Officer Bigda's acceptance of responsibility for improper behavior; his previous lengthy employment without recent serious disciplinary; a recent incident involving a trespass during a domestic argument which occurred shortly after this incident (which resulted in discipline and counseling); the likelihood of sustaining the discipline based on other cases where suspensions or terminations have been overturned by arbitrators or civil service;, as well

as legal advice provided to me by City Solicitor Pikula and Labor Relations Director Mahoney.

16. On 08/12/16 Officer Bigda signed a memorandum of understanding, waving his rights to a hearing and accepting the suspension. Additionally Officer Bigda was departmentally transferred from his position. The second officer, not a defendant in this case, resigned on the date of the hearing, 08/12/16.

17. As a result of the information about the interrogation being discovered in the course of the excessive force investigation, the District Attorney ordered the video tape of the interrogation turned over to defense attorneys in criminal cases where Detective Bigda was a percipient witness.

18. The District Attorney's turning over the video recording of the interrogation of the juveniles resulted in a motion to dismiss criminal charges in three drug cases scheduled for trial before Hampden County Superior Court. Judge Paige did not grant dismissal of the cases she was ruling on, but did issue a protective order relative to the videotape.

19. Upon information and belief, Mayor Sarno asked the Law Department to review the investigatory materials available to the City and determine what could be publicly released.

20. I received a letter from the FBI relating to the actions depicted on the videotape. That letter requested information from the City for the purpose of determining whether or not a color of law civil rights investigation should be opened and if so, what the scope of the investigation should be (civil or criminal, how extensive, who and what should be included, etc.). The City provided the records requested on October 6, 2016.

21. The Hampden County District Attorney, Massachusetts Attorney General's Office, U.S. Attorney's Office, Mayor Sarno, his Chief of Staff, City Solicitor and myself met to discuss these issues on Saturday, October 8, 2016.

22. Subsequent to that meeting, the District Attorney issued a public letter stating that he was

turning over his investigation to the Massachusetts Attorney General and U.S. Attorney. The City also sent a letter of referral to the state and federal authorities. Thereafter, both state and federal authorities notified the City of their objection to release of any audio or video recordings or investigative reports.

Signed under the penalties of perjury this 28th day of October, 2016.

_____
John Barbieri, Police Commissioner