UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN DOUGLAS,<br>          Plaintiff,<br>v.<br><br>CITY OF SPRINGFIELD, DET. GREGG<br>BIGDA, SGT. STEVEN KENT, DET.<br> ROBERT PATRUNO, DET. THOMAS<br>KAKLEY, DET. MARK TEMPLEMAN,<br>DET. EDWARD KALISH, DET.<br>CHRISTOPHER BATES, and MASS.<br>STATE POLICE TROOPER LIAM R. JONES,<br>          Defendants. | Civil Action No.<br>3:14-cv-30210-MAP |

AFFIDAVIT OF EDWARD M. PIKULA

I, Edward M. Pikula, on oath do say:

1. I am the City Solicitor for the City of Springfield, acting as the chief legal representative for the City in all legal matters, and I have appeared on behalf of the Defendant City of Springfield in this case.

2. Attached hereto as Exhibit 1 is a true copy of a protective order issued by Judge Paige of the Hampden County Superior Court concerning the disclosure of a video recording of the interrogation of juveniles in Palmer on or about February 27, 2016.

3. Attached hereto as Exhibit 2 is a true copy of an email exchange with Plaintiff's counsel in this case with regard to a consultation as to the issue of a motion to reopen discovery in this case.

4. The Law Department contacted the District Attorney on Friday October 7, 2016 in preparation to file a motion to modify the protective order issued by Judge Paige. During a conversation with the District Attorney about filing the City's proposed motion, District Attorney Gulluni informed me that he had been in communication with Kim West of the Criminal Bureau of the Massachusetts Attorney General's office, and District Attorney Gulluni suggested that I contact her to discuss the proposed motion and plan for public

1

release of the video-tape.

5. I spoke by phone to Assistant Attorney General West that afternoon. She told me she would review the issue and respond. Later that evening, I spoke by phone to Assistant U.S. Attorney Kevin O'Regan about whether the tape should be released, and if so, under what circumstances.

6. Attached hereto as Exhibit 3 is a true copy of a letter I sent to Assistant Attorney General, Kimberly West, head of the Criminal Bureau of the Massachusetts Attorney General's Office, and Kevin O'Regan, U.S. Department of Justice, U.S. Attorney's Office by email on October 10, 2016.

7. Attached hereto as Exhibit 4 is are true copies of letters I received from Assistant Attorney General, Kimberly West, on October 14, 2016 and Attorney Kevin O'Regan on October 13, 2016.

8. As a result of the ongoing criminal investigation, I have spoken to the Plaintiff's Attorney in this case about the IIU investigative report and video recording regarding the arrest and interrogation of juvenile suspects in Palmer in February 2016 and will submit copies of said investigative materials to this court, under seal, for *in camera* inspection with regard to the proposed motion to reopen discovery and to seek further direction from this court as to any further disclosure of the investigative materials to Plaintiff's counsel.

9. Attached as Exhibit 5 is a true copy of the Article 6 of Agreement between the City of Springfield and The International Brotherhood of Police Officers in place through June 30, 2016. The contract has expired and is currently the subject of Labor Relations negotiations. Article 6, covering Disciplinary Matters, has been in the union contract going back at least as far as July 1, 2000, as applicable and referenced in the Affidaivit of Commissioner Barbieri.

10. Attached as Exhibit 6 is a true copy of the latest CPHB quarterly statistics.

Signed under the penalties of perjury this 28th Day of October, 2016.

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a true copy of the within Affidavit was served upon all counsel via the Federal Court's ECF Filing System on this October 28, 2016.
              /S/ Edward M. Pikula
              Edward M. Pikula, Esq.

/s/ Edward M. Pikula
_____

Edward M. Pikula, Esq. BBO #399770
City of Springfield Law Department
36 Court Street, Room 210
Springfield, MA 01103
Phone: 413-787-6085
Fax: 413-787-6173
Email: epikula@springfieldcityhall.com

# Exhibit 1

## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss**                    **SUPERIOR COURT**
                                   **INDICTMENT No. 15-117**

**COMMONWEALTH**

v.

**DAVID JORDAN**

<u>**PROTECTIVE ORDER**</u>



HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

SEP **1 6** 2016

CLERK OF COURTS

With respect to the contents of a DVD made on or about February 28, 2016 showing Detective Greg Bigdas' interaction with detained juveniles in holding cells at the Palmer Police department, this court *sua sponte*, pursuant to Rule 14 (a)(6), issues the following protective order:

1.   Counsel shall have access to the DVD solely in his or her capacity as an officer of the Court.  The DVD shall be used for trial preparation purposes only.  Counsel may show said DVD to the defendant, law clerks, investigators, or expert witnesses sought by counsel in the trial preparation of the case.

2.   Inasmuch as the DVD depicts detained juveniles not charged with murder, this DVD shall not be disseminated to any media outlets until further order of this court.  <u>Commonwealth</u> v. <u>A Juvenile</u>, 361 Mass. 214, (1972).  See also G.L. c. 119 § 60 and § 65.

3. The prohibitions against disclosure shall not apply to communications made under the following circumstances:

41

a.  Where counsel is engaged in the private practice of law, communications with other attorneys in counsel's law firm, provided that such communications are for the purpose of consultation in this matter.

b.  Where counsel is private counsel assigned by CPCS, communications with attorneys employed or assigned by CPCS, provided that such communications are for the purpose of consultation in this matter; or

c.  Communications with counsel's support staff, operating under counsel's direction, for the purpose of preparing pleading and other documents in this matter.

The Court and any counsel shall report any violation of this order to the Board of Bar Overseers.

Tina S. Page
Justice of the Superior Court

DATED:  15 September 2016

_____
Thomas McGuire, Esq.

_____
Mary A. Sandstrom, ADA

2

# Exhibit 2

## Pikula, Edward

| | |
|---|---|
| **From:** | Pikula, Edward |
| **Sent:** | Tuesday, October 04, 2016 9:21 AM |
| **To:** | 'Robin Scott' |
| **Cc:** | attycoyle@aol.com; ajoyce@rja-law.com ('ajoyce@rja-law.com'); jkittredge@rkpclaw.com ('jkittredge@rkpclaw.com'); Saint Laurent, Jeremy; DeSousa, Lisa |
| **Subject:** | RE: Douglas v. Springfield et al. |

Atty Scott

The defendants have discussed your proposed motion to reopen discovery. Your request does not seem to contain any limitations in time, scope, or subject matter. Under the circumstances, a broad based reopening of discovery does not seem warranted. However, a review of the discovery provided indicates that the incident involving Det. Bigda may be subject to supplementary discovery and it is the City's intent to submit a supplemental privilege log identifying the IIU report and video at issue. You should note that these documents are in the possession of the DA's office, and the City has been notified that the materials are the subject of a protective order in a Superior Court criminal case and ongoing investigation by officers in the state police unit assigned to the DA's office. The City has been informed that the protective order in Superior Court prohibits distribution in order to protect the identity of the juvenile suspect involved. The City is in the process of arranging to ask permission of the Superior Court to release the video and the report on the condition that the identity of the juvenile be protected. This would include redaction of identifying information in the report and digitally blurring the face of the juvenile in the video.



**Attorney Edward M. Pikula**
**City Solicitor**
**City of Springfield Law Department**
**36 Court Street – Room 210**
**Springfield, Massachusetts 01103**
**Phone: (413) 787- 6085**
**Fax: (413) 787- 6173**
**epikula@springfieldcityhall.com**

This e-mail message is generated from the City of Springfield Law Department, and contains information that is confidential and may be privileged as an attorney/client communication or as attorney work product. The information is intended to be disclosed solely to the addressee(s). If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email information is prohibited. If you have received this email in error, please notify the sender by return e-mail and delete it from your computer system.

**From:** Robin Scott [mailto:robin@pineirolegal.com]
**Sent:** Friday, September 30, 2016 2:13 PM
**To:** Pikula, Edward
**Subject:** RE: Douglas v. Springfield et al.

Thank you Atty. Pikula.

---

**From:** Pikula, Edward [mailto:epikula@springfieldcityhall.com]
**Sent:** Friday, September 30, 2016 2:02 PM
**To:** Robin Scott; attyemp@aol.com; epikula@springfieldcityhall.com; jkittredge@rkpclaw.com; ajoyce@rja-law.com; dcormier@rja-law.com; jliebel@springfieldcityhall.com; john.liebel@verizon.net; lorrie.oconnor@verizon.net; sliebl@springfieldcityhall.com; attycoyle@aol.com; ksheehan@keyesanddonnellan.com; kmckay@keyesanddonnellan.com; wcullinan@springfieldcityhall.com; law@williamgcullinan.com; agambaccini@rja-law.com; dcormier@rja-law.com; jvigliotti@rja-law.com; dcormier@rja-law.com; Hector Pineiro
**Subject:** RE: Douglas v. Springfield et al.

Counsel
The defendants will discuss and get back to you by Tuesday, 10/4.



**Attorney Edward M. Pikula**
**City Solicitor**
**City of Springfield Law Department**
**36 Court Street – Room 210**
**Springfield, Massachusetts 01103**
**Phone: (413) 787- 6085**
**Fax: (413) 787- 6173**
**epikula@springfieldcityhall.com**

This e-mail message is generated from the City of Springfield Law Department, and contains information that is confidential and may be privileged as an attorney/client communication or as attorney work product. The information is intended to be disclosed solely to the addressee(s). If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email information is prohibited. If you have received this email in error, please notify the sender by return e-mail and delete it from your computer system.

---

**From:** Robin Scott [mailto:robin@pineirolegal.com]
**Sent:** Thursday, September 29, 2016 4:03 PM
**To:** attyemp@aol.com; epikula@springfieldcityhall.com; jkittredge@rkpclaw.com; ajoyce@rja-law.com; dcormier@rja-law.com; jliebel@springfieldcityhall.com; john.liebel@verizon.net; lorrie.oconnor@verizon.net; sliebl@springfieldcityhall.com; attycoyle@aol.com; ksheehan@keyesanddonnellan.com; kmckay@keyesanddonnellan.com; wcullinan@springfieldcityhall.com; law@williamgcullinan.com; agambaccini@rja-law.com; dcormier@rja-law.com; jvigliotti@rja-law.com; dcormier@rja-law.com; Hector Pineiro
**Subject:** Douglas v. Springfield et al.

Counsel

Based on disclosures of the last two weeks in the media regarding Detective Bigda we believe there is evidence within the scope of our discovery requests that we have as yet not obtained. As you might expect, we agree with Judge Robertson's comments yesterday as to the likely relevance to our client's claims against the City. These matters are also clearly relevant to the detective's truthfulness in reporting and as witness.  We therefore will ask the court for further

discovery limited to all documents and records relating to previously undisclosed incidents of alleged misconduct by Det. Bigda as well as deposition or re-deposition of percipient witnesses to the events or to any inquiries into them.

Please let us know as soon as you can of dates and times when you will be available to confer about the discovery motion under local rules 7.1 and 37.1.

Thank you.

Robert A. Scott, Esq.
Law Office of Hector E. Pineiro, P.C.
807 Main Street
Worcester, MA 01610

tel. 508-770-0600
fax 508-770-1300
cell 508-335-4366

# Exhibit 3

**Edward M. Pikula, Esq.**
*City Solicitor*



Law Department
36 Court Street, Room 210
Springfield, MA 01103
Office: (413) 787-6085
Direct Dial: (413) 787-6088
Fax: (413) 787-6173
Email: epikula@springfieldcityhall.com

### THE CITY OF SPRINGFIELD, MASSACHUSETTS

October 10, 2016                    <u>**VIA EMAIL**</u>

Attorney Kimberly P. West
Massachusetts Office of the Attorney General – Criminal Bureau
One Ashburton Place, 19th Floor
Boston, MA 02108

Attorney Kevin O'Regan
U.S. Department of Justice, U.S. Attorney's Office
300 State Street, Suite 230
Springfield, MA 01105

<u>*Re: SPD Officer Greg Bigda*</u>

Dear Attorneys:

This letter is in follow up of the meeting held on Saturday, October 8, 2016 regarding the incident involving Springfield Police Officer Greg Bigda's interrogation of two juveniles at the Palmer Police Department in February 2016 as well as their arrest.

As per our discussion, on behalf of the City of Springfield and with the authorization of the Mayor and Police Commissioner, this matter is being referred to you by the City as part of the initiation of a preliminary civil rights color of law investigation as to the above-referenced conduct.

As indicated by City Officials at the meeting, the depictions on the video recordings are contrary to the rules, regulations and policies of the City of Springfield Police Department and are not tolerated by the Police Commissioner and his command staff. Moreover, such actions are not representative of behavior, actions or culture exhibited by the vast majority of officers who serve and protect the residents of the City.

As indicated at the meeting, the City and Police Department stand ready to fully cooperate and are committed to providing an open and transparent review in accordance with applicable law.

Attorneys West and O'Regan
October 10, 2016
Page - 2 -

_____

Sincerely,

Edward M. Pikula, City Solicitor

cc:      Mayor
         Police Commissioner
         District Attorney

# Exhibit 4



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

TEL: (617) 727-2200
www.mass.gov/ago

October 14, 2016

Edward M. Pikula, Esq.
City Solicitor
City of Springfield Law Department
36 Court Street, Room 210
Springfield, MA 01103

**Re: Springfield Detective Bigda**

Dear Attorney Pikula:

I thank you, the Mayor, the Commissioner and the District Attorney for the meeting on October 8, 2016 regarding the incident involving Detective Bigda's interrogation of two individuals in February 2016.

I am in receipt of your letter dated October 10, 2016 referring the matter to the Massachusetts Office of the Attorney General for investigation. Consequently, I request that your office not disclose publicly any investigatory material, including written reports produced as a result of the related internal affairs investigation and any audio or video recordings of the interrogation of the two individuals. Such disclosure would compromise and prejudice our investigation. Thank you again.

Best regards,

MAURA HEALEY
ATTORNEY GENERAL

By: _____
Kimberly West
Chief, Criminal Bureau



**U.S. Department of Justice**

**Carmen M. Ortiz**
*United States Attorney*
*District of Massachusetts*

Main Reception: (413) 785-0235
Facsimile:      (413) 785-0394

*United States Courthouse*
*300 State Street, Suite 230*
*Springfield, Massachusetts 01105-2926*

October 13, 2016

Edward M. Pikula, Esq.
City Solicitor
Law Department
36 Court Street, Room 210
Springfield, MA 01103

   Re: <u>SPD Officer Greg Bigda</u>

Dear City Solicitor Pikula:

   I have received your letter dated October 10, 2016, referring for investigation to the Department of Justice and U.S. Attorney's Office the matter related to the arrest of two juveniles in Palmer, MA, on February 27, 2016, and Springfield Police Officer Greg Bigda's interrogation of the juveniles.

   The Department of Justice is investigating the matter. I request that your office not disclose publicly the audio/video recording of the interrogations or the Internal Investigations Unit investigation of the matter. Disclosing these materials publicly would likely prejudice the ongoing federal criminal investigation.

                                        Very truly yours,

                                        CARMEN M. ORTIZ
                                        UNITED STATES ATTORNEY

                        By:   _____
                                        Kevin O'Regan
                                        Chief, Springfield Branch Office

# Exhibit 5

# ARBITRATION AWARD

# BETWEEN

# THE CITY OF SPRINGFIELD

# AND

# THE INTERNATIONAL BROTHERHOOD
# OF POLICE OFFICERS - Local #364

## CONTRACT # 1 JULY 1, 2012-JUNE 30, 2013
## CONTRACT # 2 JULY 1, 2013-JUNE 30, 2016

45

Document #: 63721  Version:v1
Author_Id: CPC

working hours in attendance at the meeting provided in STEP TWO of Section 5.01 of the Article.

**5.09**   No member of the bargaining unit shall leave his job during working hours to present, discuss or investigate a grievance without first obtaining the consent of his commanding officer, which consent shall not be unreasonably denied.

**5.10**   Matters which are subject to adjudication pursuant to G.L. c. 31, and G.L. c. 32, except as provided by Paragraph 5.04, shall not be subject to the grievance procedure. Notwithstanding any contract provision to the contrary, in order to resolve a c.41 sec. 100 or 111F IOD dispute, either party is entitled to process such a dispute through the grievance procedure, including to arbitration pursuant to Article 5 terms.

## ARTICLE 6.

## DISCIPLINARY ACTION

**6.01**   No employee shall be removed, dismissed, discharged, suspended, or disciplined except for just cause as provided by law.

**6.02**   If a superior officer has reason to orally reprimand an employee, he shall do so in a manner that will not unduly embarrass the employee before the public or his fellow workers.

**6.03**   Any employee who is requested to submit a special report which may tend to incriminate him in a criminal proceeding shall have the right to consult an attorney and/or Union representative before submitting such report.

**6.04**   All interdepartmental charges against a unit member shall be initiated no later than ninety (90) days following the alleged offense or the date the City became aware of the alleged offense whichever is later, and a hearing on said charges shall be held within sixty (60) days thereafter, unless a later date is mutually agreed upon by the parties.

**6.05**   Upon request a reprimand will be removed from personnel files and not considered in any personnel action three (3) years from date of issuance.

**6.06**   When an officer is assigned inside duty without a firearm, as a result of an investigation of the officer, such investigation will be completed as quickly as the situation allows so that officer may return to regular duty.  After ten working days of such inside duty without a firearm as a result of an investigation, and no administrative or criminal charges have been initiated, the officer will be provided weekly inside overtime opportunities equal to the average hours of court time, overtime and outside details which the officer worked in the six month period immediately preceding the assignment to inside duty without a firearm.  If administrative or

criminal charges are initiated against such officer, no further overtime assignments shall be afforded pursuant to this section, but if the officer is not found guilty of such charges, the parties shall meet and discuss the issue of compensation lost because of said charges.

## ARTICLE 7.

## SENIORITY RIGHTS AND SQUAD ASSIGNMENTS FOR UNIFORMED PATROLMEN:

**7.01**   The parties to this Agreement recognize that the principal factors in job assignments are the efficiency and integrity of the Police Department.  The Employer, however, in making non-promotional assignments within the uniformed squads will give due consideration to an employee's seniority, physical condition, personal hardship and particular abilities when making such assignments and shall assign the senior man among those qualified.

**7.02**   So far as not in conflict with the General Laws, seniority among employees who are appointed and complete recruit training academy on the same date, shall be based in the order of the civil service list from which the applicants are appointed.  This paragraph shall apply to the employees appointed after July 1, 1995 and shall not affect the seniority of employees previously appointed whose seniority was computed in accordance with criteria then in effect.  If this paragraph is determined to be invalid by a final determination of any court or administrative agency, the parties to this agreement shall commence negotiations on a new criteria for seniority among employees who are appointed and complete recruit training on the same date.

**7.03**   Seniority shall be defined in accordance with the provision of Massachusetts General Laws, Chapter 31, Section 33, as amended, and shall be applicable except as modified herein below in Section 7.04.

**7.04**   The parties agree that for the purpose of internal affairs including but not limited to shift assignments, vacations, badge numbers and rosters, seniority for all members shall be computed from the original date of appointment, provided further that the employee's service is continuous to the date of permanent appointment.

**7.05**   For employees who cease to be employed as police officers by the Springfield Police Department and are subsequently reinstated as police officers by the Springfield Police Department, seniority pursuant to Paragraph 7.04 after reinstatement shall be computed as follows:

    A.   For employees who cease to be employees for less than six months, seniority pursuant to Paragraph 7.04 shall be computed from such employee's original date of appointment as a police officer by the Springfield Police Department, reduced by the number of days such employee was not

C #20110976

# AGREEMENT

# BETWEEN

# THE CITY OF SPRINGFIELD

# AND

# THE INTERNATIONAL BROTHERHOOD
# OF POLICE OFFICERS - Local #364

**EFFECTIVE DATE:**  JULY 1, 2009
**EXPIRATION DATE:**  JUNE 30, 2012

**5.09**   No member of the bargaining unit shall leave his job during working hours to present, discuss or investigate a grievance without first obtaining the consent of his commanding officer, which consent shall not be unreasonably denied.

**5.10**   Matters which are subject to adjudication pursuant to G.L. c. 31, and G.L. c. 32, except as provided by Paragraph 5.04, shall not be subject to the grievance procedure.

## ARTICLE 6.

## DISCIPLINARY ACTION

**6.01**   No employee shall be removed, dismissed, discharged, suspended, or disciplined except for just cause as provided by law.

**6.02**   If a superior officer has reason to orally reprimand an employee, he shall do so in a manner that will not unduly embarrass the employee before the public or his fellow workers.

**6.03**   Any employee who is requested to submit a special report which may tend to incriminate him in a criminal proceeding shall have the right to consult an attorney and/or Union representative before submitting such report.

**6.04**   All interdepartmental charges against a unit member shall be initiated no later than ninety (90) days following the alleged offense or the date the City became aware of the alleged offense whichever is later, and a hearing on said charges shall be held within sixty (60) days thereafter, unless a later date is mutually agreed upon by the parties.

**6.05**   Upon request a reprimand will be removed from personnel files and not considered in any personnel action three (3) years from date of issuance.

**6.06**   When an officer is assigned inside duty without a firearm, as a result of an investigation of the officer, such investigation will be completed as quickly as the situation allows so that officer may return to regular duty. After ten working days of such inside duty without a firearm as a result of an investigation, and no such administrative or criminal charges have been initiated, the officer will be provided weekly inside overtime opportunities equal to the average hours of court time, overtime and outside details which the officer worked in the six month period immediately preceding the assignment to inside duty without a firearm. If administrative or criminal charges are initiated against such officer, no further overtime assignments shall be afforded pursuant to this section, but if the officer is not found guilty of such charges, the parties shall meet and discuss the issue of compensation lost because of said charges.

7

C#6690

# AGREEMENT

# BETWEEN

# THE CITY OF SPRINGFIELD

# AND

# THE INTERNATIONAL BROTHERHOOD

# OF POLICE OFFICERS

**EFFECTIVE DATE:**    **JULY 1, 2000**
**EXPIRATION DATE:**   **JUNE 30, 2003**

**5.10**   Matters which are subject to adjudication pursuant to G.L. c. 31, and G.L. c. 32, except as provided by Paragraph 5.04, shall not be subject to the grievance procedure.

## ARTICLE 6.

## DISCIPLINARY ACTION

**6.01**   No employee shall be removed, dismissed, discharged, suspended, or disciplined except for just cause as provided by law.

**6.02**   If a superior officer has reason to orally reprimand and employee, he shall do so in a manner that will not unduly embarrass the employee before the public or his fellow workers.

**6.03**   Any employee who is requested to submit a special report which may tend to incriminate him in a criminal proceeding shall have the right to consult an attorney and/or Union representative before submitting such report.

**6.04**   All interdepartmental charges against a unit member shall be initiated no later than ninety (90) days following the alleged offense or the date the City became aware of the alleged offense whichever is later, and a hearing on said charges shall be held within sixty (60) days thereafter, unless a later date is mutually agreed upon by the parties.

**6.05**   Upon request a reprimand will be removed from personnel files and not considered in any personnel action three (3) years from date of issuance.

**6.06**   When an officer is assigned inside duty without a firearm, as a result of an investigation of the officer, such investigation will be completed as quickly as the situation allows so that officer may return to regular duty.  After ten working days of such inside duty without a firearm as a result of an investigation, and no administrative or criminal charges have been initiated, the officer will be provided weekly inside overtime opportunities equal to the average hours of court time, overtime and outside details which the officer worked in the six month period immediately preceding the assignment to inside duty without a firearm.  If administrative or criminal charges are initiated against such officer, no further overtime assignments shall be afforded pursuant to this section, but if the officer is not found guilty of such charges, the parties shall meet and discuss the issue of compensation lost because of said charges.

# Exhibit 6

# CPHB YTD REPORT: 2016
## QUARTER 3
### January 01 To September 30

## Complaints by Type

| | |
|---|---|
| Citizen | 56 |
| Internal | 8 |
| TOTAL | 64 |

## Charges Reviewed by Category

| Charge | Citizen | Internal |
|---|---|---|
| Bias/Gender | - | - |
| Bias/Orientation | - | - |
| Bias/Race | - | - |
| Criminal | 3 | 6 |
| Discourtesy | 40 | 3 |
| Physical/Equipment | 13 | 6 |
| Physical/Hands | 40 | 8 |
| Rules/Regulations | 74 | 12 |
| Search & Seizure | 8 | - |

## Charge Outcomes

| Disposition Type | Citizen | Internal |
|---|---|---|
| Sustained | 11 | 10 |
| Not Sustained | 71 | 23 |

| Action Type | Citizen | Internal |
|---|---|---|
| None | 71 | 23 |
| Reinstated | - | - |
| Retraining | 10 | - |
| Suspended | 1 | 3 |
| Terminated | - | 5 |
| Verbal Reprimand | - | - |
| Written Reprimand | - | 2 |

## Charges Pending

| | Citizen | Internal |
|---|---|---|
| Pending | 96 | 4 |

## Complainant Background

**Race**

| | |
|---|---|
| Asian | 2 |
| Black | 17 |
| Unknown | 8 |
| White | 37 |

**Ethnicity**

| | |
|---|---|
| Hispanic | 17 |
| Unknown | 47 |

**Gender**

| | |
|---|---|
| Female | 34 |
| Male | 27 |
| Unknown | 3 |