UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JUSTIN DOUGLAS,             )
        Plaintiff,          )
                            )
                 v.         )  C.A. No. 14-30210-MAP
                            )
CITY OF SPRINGFIELD,        )
ET AL.,                     )
        Defendants.         )
```

MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Dkt. Nos. 69 & 94)

January 12, 2017

PONSOR, U.S.D.J.

Plaintiff has brought this action against eight law enforcement officers and the City of Springfield pursuant to 42 U.S.C. § 1983. The City of Springfield moved for summary judgment on Count II, in which Plaintiff seeks damages under a theory of municipal liability. (Dkt. No. 69.) See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). The motion was referred to Magistrate Judge Katherine A. Robertson for a Report and Recommendation.

On October 14, 2016, Judge Robertson issued her Report and Recommendation (Dkt. No. 94), to the effect that the motion should be denied as to the Monell claim based upon a failure adequately to supervise and discipline certain

police officers and allowed as to the claim based upon a failure to train.  Defendant has filed an objection to the Report and Recommendation in accordance with the timeline established by Judge Robertson.  For the reasons set forth below, the court is not persuaded by the objection.  Upon <u>de novo</u> review, the court will therefore adopt the Report and Recommendation, deny the motion for summary judgment, in part, and set the case for a final pretrial conference.[1]

Judge Robertson's Report sets forth the background of this case and the underlying facts in scrupulous detail.  No significant objection has been filed as to the facts that must be presumed at this stage, or to the basic analytical framework.  A copy of the Report and Recommendation is attached to this Memorandum for reference.

The heart of Defendant's objection is straightforward.  The record, the argument goes, is simply insufficient to persuade a reasonable jury (1) that the City of Springfield had a custom, policy, or practice of failing to investigate, discipline, and supervise its officers; (2) that this custom, policy, or practice demonstrated deliberate indifference to the constitutional rights of individuals with whom the officers interacted; and (3) that this custom,

---

1 In a separate ruling, the court has allowed Defendant's Motion to Bifurcate (Dkt. No. 70).

policy, or practice was the direct cause of the constitutional violation suffered by Plaintiff here.  In particular, Defendant emphasizes its substantial efforts at improving review and oversight of its police officers.  It also points out that Plaintiff himself in this case failed to invoke available processes for protesting alleged police misconduct.

These arguments, and others, may well ultimately persuade a jury that Plaintiff's claims against the City of Springfield lack support.  However, as the Report and Recommendation summarizes in detail, the record regarding some of the officers who are Defendants in this case, and the record of the City of Springfield with regard to the supervision and discipline of its officers, is sufficient to clear the Rule 56 threshold.

In reaching this conclusion, the court has found particularly helpful the excellent decision by U.S. District Court Judge F. Dennis Saylor, IV, in the case of Cox v. Murphy, Civ. No. 12-11817, 2016 WL 4009978 (D. Mass. Feb. 12, 2016).  Cox involved a Monell claim against the City of Boston, arising (as here) from an incident of alleged excessive force by police officers.

In Cox, Judge Saylor noted the considerable evidence of incidents of excessive force by particular defendants.  He

observed that "[i]t has been well-documented for decades that a small percentage of police officers is responsible for a large percentage of citizen complaints of abuse." Id. at *9.  He concluded as follows:

> There is no clear standard or precise metric by which the Court can measure whether the claim has reached the appropriate threshold to survive summary judgment.  The courts should not lightly infer a municipal policy or practice from a few scattered claims, lest every claim of excessive force engender a Monell claim.  But neither should the courts blind themselves to reality.  As with many issues, the question is to a considerable extent one of degree: while a single accusation of excessive force is not enough, at some point, as the accusations and claims begin to pile up, a critical mass may be reached requiring an affirmative response from the supervisors.  Put simply, a very large amount of smoke could reasonably compel the inference that there must be at least a small amount of fire.

Id. at *10 (internal citations omitted).

As with Cox, this is such a case.  It is important to underline that in making this ruling, the court is not finding that any of the individual officers used excessive force on Plaintiff, or that the City of Springfield was deliberately indifferent to that possibility.  This court is deciding simply that the quantum of evidence offered by Plaintiff is sufficient as a matter of law to permit Plaintiff to submit his claim against the City of Springfield to a jury for resolution.

For the foregoing reasons, the court, upon de novo

4

review, hereby ADOPTS the Report and Recommendation. (Dkt. No. 94.)  Based upon this, Defendant's Motion for Summary Judgment (Dkt. No. 69) is hereby ALLOWED as to the <u>Monell</u> claim, based upon failure to train (as to which there has been no objection), and DENIED as to the claim based upon failure to adequately supervise and discipline.

The clerk will issue the standard order for a final pretrial conference and establish a date for counsel to appear before the court to set a timeline for trial.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u><br>
MICHAEL A. PONSOR<br>
U. S. District Judge